RENDERED:  JANUARY 2, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0326-MR

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY                                                                                            APPELLANT


v.

APPEAL FROM GRAYSON CIRCUIT COURT
HONORABLE KENNETH H. GOFF, II, JUDGE
ACTION NO. 24-CI-00326


MICHAEL RICHARDSON                                                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; EASTON AND L. JONES, JUDGES.

THOMPSON, CHIEF JUDGE:  State Farm Mutual Automobile Insurance
Company (State Farm) appeals from an Order on Declaratory Judgment entered by
the Grayson Circuit Court.  State Farm argues that the circuit court erred in failing
to enforce the choice of law provision in an insurance policy and apply Ohio law.
After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

While residing in Ohio around 2015 or 2016, Michael Richardson (Mr. Richardson) purchased an auto insurance policy from State Farm covering three automobiles owned by him and his wife. In the spring of 2023, Mr. Richardson moved to Leitchfield, Kentucky, stating that his then ex-wife remained in Ohio. He would later state by way of affidavit that around the time of his move, he notified State Farm that he had relocated to Kentucky.

On August 26, 2023, Mr. Richardson was injured in a motor vehicle accident in Grayson County, Kentucky.[1] At the time of the accident, Mr. Richardson was the permissive driver of a Ford Explorer owned by Travis Hack. Mr. Hack's Explorer was covered under a policy issued by Kentucky Farm Bureau (KFB), which provided $300,000 in underinsured motorist (UIM) coverage. The other driver, Elizabeth Roof, was at fault and died as a result of the accident. Her insurance policy through State Farm provided $25,000/$50,000 coverage. There were a total of four injured individuals.

As one of the injured parties, Mr. Richardson received $22,000 in liability payments from the Roof policy, and $300,000 in UIM payment from the Hack policy.

---

[1] Mr. Richardson's complaint alleges that the accident occurred on August 26, 2023 – a date agreed to by State Farm. His appellate brief states that the accident occurred on December 24, 2023.

Mr. Richardson sought $100,000 in UIM benefits from his own State Farm policy, which had $100,000/$300,000 in UIM coverage. State Farm denied this claim, citing the policy provisions and Ohio law regarding UIM offsets. Specifically, State Farm asserted that no UIM payments were owed to Mr. Richardson under his State Farm policy because the $322,000 in payments he received from other sources exceeded the $100,000 in UM/UIM coverage under his State Farm policy. State Farm's denial centered on its application of an offset provision contained in the Ohio policy.

On November 15, 2024, Mr. Richardson filed a Notice of Motion for Declaratory Judgment in Grayson Circuit Court seeking a determination that Kentucky law, not Ohio law, governed the applicability of his State Farm UIM policy. Mr. Richardson sought this ruling because Kentucky has a public policy against the type of offset provision allowed under Ohio law.

The matter proceeded in Grayson Circuit Court, where the arguments were briefed and argued. On February 15, 2025, the circuit court entered an Order on Declaratory Judgment in favor of Mr. Richardson. The court ruled that Kentucky uses "the most significant relationship test" to resolve choice of law issues arising in contract disputes. It found that Mr. Richardson resided in Kentucky; that the policy premiums were paid from Kentucky; that the accident occurred in Kentucky; and, the medical bills were incurred in Kentucky. Further,

the court found that Kentucky courts have applied Kentucky law whenever Kentucky has a material connection to the case. Finally, the circuit court noted that the setoff provision could not be applied as it was contrary to Kentucky law and public policy. This appeal followed.

## STANDARD OF REVIEW

"The standard of review on appeal from a declaratory judgment is whether the judgment was clearly erroneous." *Burch v. Thomas*, 677 S.W.3d 827, 830 (Ky. App. 2023) (internal quotation marks and citation omitted). Further, "[t]he construction and interpretation of a contract is a matter of law and is reviewed under the *de novo* standard." *Id.* (internal quotation marks and citation omitted).

## ARGUMENTS AND ANALYSIS

State Farm argues that the Grayson Circuit Court erred in refusing to enforce the choice of law provision in the insurance contract, and to apply Ohio law. It maintains that the insurance policy contains a valid and enforceable choice of law provision requiring that Ohio law apply to the interpretation of the policy provisions. Under Ohio law, which enforces offset provisions, State Farm argues that Mr. Richardson is not entitled to additional UIM benefits under the policy because he received $22,000 from the tortfeasor and $300,000 in UIM benefits

under the KFB policy on the vehicle.  This, it notes, is more than three times the $100,000 in per person UM/UIM limits under the State Farm policy.

State Farm contends that this is a pure question of law requiring enforcement of the contract's terms, which it asserts are unambiguous and not unreasonable.  It directs us to the RESTATEMENT (SECOND) OF CONFLICT OF LAWS §187, and *Daues v. Foster*, No. 2023-CA-0444-MR, 2025 WL 1271720 (Ky. App. May 2, 2025), for the proposition that the choice of law provision in the insurance contract is controlling and should have been given effect by the Grayson Circuit Court.

The question for our consideration, then, is whether the Grayson Circuit Court properly applied Kentucky law rather than Ohio law in concluding that the insurance policy's choice of law provision was not enforceable.  *Woods v. Standard Fire Insurance Company*, 411 F. Supp. 3d 397 (E.D. Ky. 2019), is instructive.  In *Woods*, Kentucky resident Laura Woods was seriously injured while driving an automobile in Kentucky owned by her father, Dawson Newberry.  After settling with the tortfeasor, Ms. Woods sought UIM benefits under Mr. Newberry's insurance policy which was purchased in Connecticut from a Connecticut insurance company.  That policy contained a setoff provision which the Connecticut insurance company sought to enforce.

In determining which jurisdiction's law should apply to the policy, the federal district court applied a choice of law analysis. After noting that Connecticut had the most significant relationship with the policy and the insured, the court held that,

> the Kentucky public policy exception applies and requires application of Kentucky law because setoff provisions in insurance policies violate the public policy of the Commonwealth of Kentucky; and, as a result, application of Connecticut law would result in enforcement of a contractual provision that contravenes the public policy of Kentucky.

*Id.* at 399.

Thus, even though Connecticut had the most significant relationship with the transaction and the insured, and despite the policy having a setoff provision, the court concluded that Kentucky public policy was controlling. It stated that,

> under Kentucky law, [the] test to determine which jurisdiction's substantive laws should govern interpretation of a contract is which state has the most significant relationship to the transaction and the parties. Still, Kentucky courts [do] not apply the law of another state if that state's law violates a public policy as declared by the Kentucky legislature or courts.

*Id.* at 401 (internal quotation marks and citations omitted).

In the matter before us, the Grayson Circuit Court determined that per the significant contacts test, Kentucky law should apply because Mr. Richardson

resided in Kentucky, paid premiums in Kentucky, suffered his injuries in Kentucky, and incurred medical bills here. Mr. Richardson had more significant contacts with Kentucky than the plaintiff had with her state of residence in *Woods*.

In addition, the Grayson Circuit Court ruled that Kentucky courts do not apply the law of another state if that law violates Kentucky's public policy. This ruling is supported by *Woods* and associated case law holding that public policy supersedes specific language in insurance contracts.

The General Assembly and the Kentucky Supreme Court have established that setoff provisions, like the one in the State Farm policy, violate the public policy of the Commonwealth of Kentucky. *Philadelphia Indemnity Ins. Co. v. Morris*, 990 S.W.2d 621, 627 (Ky. 1999). Public policy supersedes contractual language. *Id.*; *Woods*, *supra*. The Grayson Circuit Court properly so ruled. The declaratory judgment on appeal was not clearly erroneous. *Burch*, *supra*.[2]

## CONCLUSION

For these reasons, we affirm the Order on Declaratory Judgment of the Grayson Circuit Court.

---

[2] We note that the *Daues* case cited by State Farm also states that choice of law provisions in agreements will not be honored if they are contrary to Kentucky public policy. *Daues*, 2025 WL 1271720, at *5 n.13.

ALL CONCUR.


BRIEFS FOR APPELLANT:            BRIEF FOR APPELLEE:

David T. Klapheke                Jeffrey L. Freeman
Louisville, Kentucky            Louisville, Kentucky

Ryan Quick
Elizabethtown, Kentucky